IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHANTELL EVANS,       )<br>                       )<br>  Petitioner,         )<br>                       )<br>  v.                   )<br>                       )<br>UNITED STATES OF AMERICA, )<br>                       )<br>  Respondent.          ) | Case Nos.   CIV-16-1253-D<br>            CR-14-247-D |

## ORDER

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Mot.") [Doc. No. 1]. The government has responded to the motion [Doc. No. 288] and Petitioner has replied [Doc. No. 290]. The matter is fully briefed and at issue.

## BACKGROUND

Petitioner pled guilty to the crime of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 2113(a). She was sentenced to a term of sixty months' imprisonment and three years of supervised release. Appearing pro se, Petitioner now moves the Court to vacate, set aside or correct her sentence on the basis she received ineffective assistance of counsel. Mot. at 5-9. Because Petitioner proceeds pro se, the Court construes her motion liberally, but will not act as her advocate in constructing her arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**STANDARD OF DECISION**

A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which has been extended to challenges to guilty pleas based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). Under that test, Petitioner must show both that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced her defense. *Id*. In reviewing *Strickland* claims, the Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and has instead emphasized that the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

"In order to establish that h[er] attorney's performance was constitutionally deficient, [Petitioner] must show that the attorney's performance fell outside 'the wide range of competence demanded of attorneys in criminal cases.'" *Hamilton*, 510 F.3d at 1216 (citation omitted). In other words, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[R]eview of counsel's performance" under *Strickland's* first prong is "highly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606

F.3d 715, 723 (10th Cir. 2010)) (internal quotation marks omitted). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994)) (internal quotation marks omitted). "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citation omitted).

The burden on a petitioner alleging ineffective assistance of counsel is even higher when the alleged ineffective assistance resulted from an informed, strategic decision; counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Moreover, "[t]o demonstrate [s]he suffered prejudice as a result of the alleged deficiency, [Petitioner] 'must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.'" *Hamilton*, 510 F.3d at 1216 (citation omitted). To this end, "the regrets engendered by hindsight do not render invalid a plea that was deemed—by both parties—a good bargain when the outcome of the case was still in doubt."

*United States v. Thomas*, 72 F. Supp. 3d 24, 28 (D.D.C. 2014) (citing *Premo v. Moore*, 562 U.S. 115 (2011)).[1]

## DISCUSSION

As summarized from her Motion and Reply, Petitioner contends her attorney's performance was deficient in the following ways:

- Presenting no defense;

- Explaining "very little" and missing meetings;

- Conducting no discovery;

- Not reviewing the pre-sentence investigation report (PSIR);

- Failing to interview and investigate witnesses;

- Failing to issue subpoenas for copies of Petitioner's bank accounts;

- Failing to subpoena United Airlines to show Petitioner was out of town the day the planning of the robbery was alleged to have taken place;

---

[1] When confronted with motions like the present, courts will conduct a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). But such a decision is committed to the district court's discretion. *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Id.* (citation omitted). Because Petitioner's motion does not raise factual allegations whose resolution requires information outside of the record, such a hearing is unnecessary in this case. *See United States v. Hardridge*, 285 F. App'x 511, 517 (10th Cir. 2008) (unpublished) (holding district court did not abuse its discretion in denying movant's request for evidentiary hearing, where issues could be resolved on basis of record evidence).

- Failing to issue subpoenas for telephone records;

- Misinforming Petitioner that she faced an eleven-year minimum sentence and twenty-year maximum sentence if she lost at trial;

- Misinforming Petitioner that her time under GPS monitoring would constitute time served; and

- Persuading her to plead guilty to a state case, which caused her federal sentence to be enhanced.

Pursuant to an order from the Court, Petitioner's defense counsel submitted an affidavit in response to her allegations of ineffective assistance. In his affidavit, counsel stated that he met with Petitioner numerous times regarding the evidence against her and Petitioner was fully aware of the evidence the government had in its possession. Counsel stated that they discussed the case in great detail and reviewed the relevant bank records, photos, witness statements, and other documents.

With respect to Petitioner's alibi defense, counsel stated that two purported alibi witnesses could not place Petitioner with them during the critical time period (in this regard, the government's evidence established Petitioner was in town on the nights the conspiracy to rob the subject bank occurred). Counsel also stated that he went over federal sentencing procedure with Petitioner and they reviewed the PSIR. Regarding Petitioner's other claims of his failure to investigate, counsel stated that it would have been of little value to obtain Petitioner's bank records since it bolstered

5

the government's theory surrounding Petitioner's motive – lack of financial resources. Moreover, counsel stated he did not see the relevance of obtaining Petitioner's employee records since the government had evidence the robbery was an "inside job" (Petitioner worked at the subject bank) and she orchestrated the robbery based on her knowledge of the bank's procedures. Counsel also stated it was agreed he would not pursue Petitioner's phone records, as they would be more incriminating than helpful to her case. The docket sheet shows counsel filed several pretrial motions, including motions challenging the admissibility of alleged co-conspirator statements. Counsel also moved for a downward variance in Petitioner's sentencing [Doc. No. 255] and submitted several objections to the PSIR [Doc. No. 256].

In her plea petition and at her plea hearing, Petitioner stated she had enough time to talk with her lawyer, expressed satisfaction with her lawyer, admitted to the actions in the superseding information, certified there was nothing she did not understand about the proceedings or the plea, acknowledged her sentence was a matter solely within the Court's discretion, and stated her guilty plea was of her own free will. Nothing in the pleadings currently before the Court casts doubt on the veracity of those statements. *See United States v. Grewal*, 825 F.2d 220, 223 (9th Cir. 1987) ("[A]ny claim of ineffective assistance of counsel is contradicted by [movant's] own declarations made under oath and on the record.... These

declarations concerning the performance of [her] counsel were made in open court under oath and thus carry a strong presumption of verity."); *see also United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) ("[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'"); *United States v. Pena-Baez*, 359 F. App'x 36, 38 (10th Cir. 2009) (unpublished) (defendant's allegations of ineffective assistance were contradicted by statements he made under oath during his plea colloquy).

After carefully reviewing Petitioner's Motion, the Court finds she has failed to meet her burden of showing counsel's performance fell outside the wide range of competence expected of attorneys in criminal cases. Indeed, in light of the evidence available against Petitioner, the Court finds no probability that given different, "more effective" counsel, Petitioner would have chosen to go to trial. Moreover, Petitioner does not point to any evidence that came to light after the plea proceedings. In short, Petitioner has provided no ground for this Court to question the voluntariness of her plea or the competency of her counsel.

**CONCLUSION**

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 1] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **21st** day of June 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE